UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CURTIS WILLIAMS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case No. 4:09CV1621CDP |
| MICHAEL BOWERSOX, | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

Petitioner Curtis Williams is currently incarcerated in the South Central Correctional Center in Licking, Missouri. He was convicted by a jury in the Circuit Court of the City of St. Louis, Missouri, of second-degree felony murder, first-degree assault, and armed criminal action. Williams was sentenced to life imprisonment for the second-degree felony murder charge, 15 years imprisonment for the first-degree assault charge, and 35 years imprisonment for the armed criminal action charge, to be served consecutively.

This matter is before the Court on Williams's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Williams raises three grounds for relief. None of Williams's claims entitles him to habeas corpus relief and I will deny his petition for writ.

I.   **Factual Background**

The Missouri Court of Appeals described the facts as follows:

In the early morning hours of February 1, 2001, defendant was riding in the front passenger seat of a white Oldsmobile with Daron Moss and a third person. The Oldsmobile approached an automobile driven by Myron Harris and pulled up beside it.

After initiating a conversation with Mr. Harris, defendant exited the Oldsmobile and told Mr. Harris that he wanted some marijuana. Mr. Harris tried to brush off defendant. Defendant persisted, and Mr. Harris became angry and told defendant to get away from his truck.

Defendant then walked back toward the Oldsmobile, which had been driven to the other side of the intersection. Defendant's companions, who were standing at the rear of the car, passed a gun between them and then passed it to defendant. Mr. Harris, who saw the gun, ducked down and drove through the intersection. Defendant fired at least two times at Mr. Harris's truck, knocking out a window.

Then defendant and his companions got back into the Oldsmobile. Defendant drove, pursuing Mr. Harris's truck at speeds approaching 100 miles per hour. Defendant told his companions that he wanted to kill Mr. Harris. Defendant gave the gun to Mr. Moss, and Mr. Moss fired shots at Mr. Harris from the front passenger seat of the car. During this pursuit the Oldsmobile collided with a vehicle waiting at a stoplight, fatally injuring the passenger in that vehicle, Ms. Alice Hayzelette.

Resp. Ex. H, at 2-3.

II.  **Procedural Background**

Williams was charged with second-degree felony murder, first-degree

assault, and armed criminal action. After a jury found him guilty on all counts on May 2, 2003, he appealed his conviction to the Missouri Court of Appeals. On appeal, Williams argued two points: (1) the trial court plainly erred in failing to maintain its role as an impartial arbiter; and (2) the trial court erred in submitting the verdict director on second-degree murder because there was insufficient evidence to support the charge. The Missouri Court of Appeals affirmed the convictions on direct appeal. *State v. Williams*, 172 S.W.3d 463 (Mo.App. E.D. 2005).

On January 4, 2006, Williams filed a pro se motion for post-conviction relief under Rule 29.15. He retained counsel and filed an amended post-conviction motion on May 2, 2006, asserting four claims for relief: (1) the trial court lacked jurisdiction because the State failed to bring Williams to trial within 180 days pursuant to the Uniform Mandatory Disposition of Detainers Law (UMDDL), Mo. Rev. Stat. § 217.460; (2) counsel was ineffective for failing to move to dismiss his charges because of expiration of the court's jurisdiction under the UMDDL; (3) counsel was ineffective for failing to adequately advise him regarding his right to testify; and (4) counsel was ineffective for failing to call two witnesses, Caryn Collins and Nateasha Cunningham, to testify at trial. The circuit court held an evidentiary hearing and denied the post-conviction motion.

Williams appealed the denial to the Missouri Court of Appeals, asserting only one point: the motion court erred in denying his Rule 29.15 motion because the trial court lost jurisdiction under the UMDDL and therefore did not have jurisdiction to sentence Williams. On April 21, 2009, the Missouri Court of Appeals affirmed the denial of Dunn's post-conviction motion in a per curiam unpublished opinion. Resp. Ex. N.

## III. Grounds Raised

Williams now seeks federal habeas corpus relief, asserting the following grounds:

(1) His rights to due process were violated by the trial court's bias and lack of impartiality;

(2) His rights to a fair trial and due process were denied because insufficient evidence existed for the second-degree felony murder conviction;

(3) The trial court lacked jurisdiction to impose sentence because Williams was not tried within 180 days of filing a speedy trial request under the UMDDL.

## IV. Discussion

Williams's first and second claims are procedurally defaulted for his failure to follow state procedural rules, but I will consider his third claim on the merits.

## Exhaustion of Remedies and Procedural Bar: Grounds 1 and 2

To preserve issues for federal habeas review, a state prisoner must fairly present his or her claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). Under Missouri law, "allegations of trial court error, reviewable on direct appeal, are not cognizable in a post-conviction motion." *Oden v. State*, 320 S.W.3d 198, 201 (Mo. Ct. App. 2010). Failure to raise a claim in a post-conviction appeal results in abandonment of that claim. *Sweet*, 125 F.3d at 1150 (citing *Reese v. Delo*, 94 F.3d 1177, 1181 (8th Cir. 1996)); *see also Anderson v. Groose*, 106 F.3d 242, 245 (8th Cir. 1997) (citing *Lowe-Bey v. Groose*, 28 F.3d 816, 818 (8th Cir. 1994)) ("A claim that is presented to the state court on a motion for post-conviction relief is procedurally defaulted if it is not renewed in the appeal from the denial of post-conviction relief.").

A state prisoner who fails "'to follow applicable state procedural rules [for] raising the claims' . . . is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." *Sweet*, 125 F.3d at 1151 (citation omitted) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). "[A] prisoner must 'fairly present' not only the facts, but also the substance of his federal habeas corpus claim." *Abdullah v. Groose*, 75 F.3d 408,

411 (8th Cir. 1996) (en banc) (citation omitted) (citing *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam)). "Fairly present" means that state prisoners are required to "'refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' . . . ." *Id*. at 411-12 (quoting *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993)). A state law claim raised in state court that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." *Id*. at 412 (citing *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (per curiam)).

The Supreme Court has held that a state prisoner can overcome procedural default if he or she can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The Court explained that "'the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Id*. at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Furthermore, to establish actual prejudice, a petitioner must demonstrate that the errors "worked to his *actual* and substantial disadvantage,

infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). In order to assert the fundamental miscarriage of justice exception, "a petitioner must make a showing of actual innocence." *Weeks v. Bowersox*, 119 F.3d 1342, 1350 (8th Cir. 1997) (citing *Schlup v. Delo*, 513 U.S. 298, 321 (1995)).

In Ground 1, Williams claims that his right to due process was violated because of the trial court's bias and lack of impartiality. The basis for this claim is a comment that the trial judge made in reference to the jurors possibly becoming intimidated. During a trial recess and out of the hearing of the jury, the judge addressed defendant's friends and family:

> THE COURT: For those of you who are here on behalf of Mr. Williams . . . it's very important that everything we do here be open so that people know what is happening and that the process that we are following in this trial is a process that follows the rules that we're supposed to follow, and that it's a process that is as fair as human beings can make it.
>
> . . . .
>
> I have a report that a member of your group . . . took certain actions which could be interpreted as trying to intimidate those members of the jury. That is totally unacceptable.
>
> But we already have a terrible tragedy here. There's a lady who's dead, who was doing nothing more than sitting in her car at a stop light. Everyone who had any connection with her, anyone who had any care for her, have lost that human being forever.

> We have another person who, as I understand it, is going to spend the rest of his life in a penitentiary. That life is now wasted and gone.
>
> We have a process for trying to make sure that justice and fairness are achieved. That process cannot work if people do anything that appears to be an effort to intimidate these jurors.
>
> . . . .
>
> I assume you're here because you care about him. His future is at stake in this trial, and this is going to be a fair trial.
>
> . . . .
>
> That lady who died could have been my mother; could have been your mother. That man who is now in the penitentiary for the rest of this life could be my brother; could be someone that you care about. Mr. Williams' life is at stake.
>
> We're going to handle this in the way that the law says we should handle it. We're not going to take the law into our own hands. Mr. Bird, is there anything that you want to say for the record?
>
> MR. BIRD: No judge.
>
> THE COURT: Mr. Forsythe, anything you want to say?
>
> MR. FORSYTHE: Nor I, sir.

Resp. Ex. H, at 3-4. Williams contends that this comment demonstrates that the trial judge had pre-judged the defendant's case and was not impartial.

Though Williams raised this claim in his direct appeal, the appellate court declined to consider it because he did not properly preserve it for appellate review

by raising an objection at the time the allegedly biased remarks were made. Because Williams, through his trial counsel, did not raise an objection at the time these remarks were made, he did not follow the state procedural rules for raising the claim. Therefore, his claim is procedurally defaulted, and because he does not allege any cause for the default, it may not be considered for habeas review.

In Ground 2, Williams argues that he was denied due process because insufficient evidence existed for his second-degree felony murder conviction. Again, Williams raised this claim in his direct appeal, but the appellate court declined to consider it for review because he did not properly preserve the issue. In order to have properly preserved it, Williams should have raised an objection before the jury retired and again in the motion for new trial. Because he never raised this objection until his direct appeal, he failed to follow the state procedural rules for raising this claim. Therefore, Ground 2 is also procedurally defaulted, and because he does not allege any cause for the default, it may not be considered for federal habeas relief.

Ground 3

Under section (d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, when a claim has been adjudicated on the merits in state court, an application for a writ of habeas corpus shall not be granted

unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In *Shafer v. Bowersox*, the Eighth Circuit articulated the standards for subsection (1) as follows:

> The "contrary to" clause is satisfied if a state court has arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent" but arrives at the opposite result. A state court "unreasonably applies" clearly established federal law when it "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." A case cannot be overturned merely because it incorrectly applies federal law, for the application must also be "unreasonable."

329 F.3d 637, 646-47 (8th Cir. 2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 405, 411, 413 (2000)).

Under subsection (2), "a state court decision involves 'an unreasonable determination of the facts in light of the evidence presented in state court proceedings,' only if it is shown by clear and convincing evidence that the state

court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (quoting 28 U.S.C. § 2254(d)(2)) (citing 28 U.S.C. § 2254(e)(1); *Boyd v. Minnesota*, 274 F.3d 497, 501 n.4 (8th Cir. 2001)).

In Ground 3, Williams argues that the trial court lacked jurisdiction to impose sentence because he was not tried within 180 days of filing a speedy trial request under the UMDDL. This claim was rejected by the motion court. On post-conviction appeal, the Missouri Court of Appeals explained that the UMDDL only applies to individuals confined in a state correctional institution, so the 180-day time limit will not apply if an individual is released from a state correctional institution within that period. Resp. Ex. N, at 4 (citing *State v. Peterson*, 30 S.W.3d 209, 211 (Mo. Ct. App. 2000 and *State v. Harris*, 108 S.W.3d 127, 128 (Mo. Ct. App. 2003)). Applying this law, the appellate court concluded that Williams's claim was without merit and explained its rationale as follows:

> In this case, Williams was released on parole from the Department of Corrections on April 30, 2002, within 180 days of his request for final disposition. Although he was then confined in the St. Louis city jail, he was no longer confined in a state correctional institution. Therefore, the UMDDL no longer applied, and the trial court did not lose jurisdiction over the charges.

Resp. Ex. N, at 5.

The issue of whether the UMDDL applies to a particular defendant is a

matter of state law. Evaluation of this claim necessarily involved a Missouri appellate court's determination of Missouri state law, which is not cognizable in a federal habeas proceeding. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations of state-law questions."). Therefore, this claim is not appropriate for review by this Court, and I must therefore deny Williams's petition.

## VI. **Certificate of Appealability**

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order in a 28 U.S.C. § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. *Id.* § 2253(c)(2); *see Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on any of Williams's claims, so I will deny a Certificate of Appealability on all claims.

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Curtis Williams for writ of habeas corpus [#1] pursuant to 28 U.S.C. § 2254 is DENIED.

**IT IS FURTHER ORDERED** that the petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not grant a Certificate of Appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

                                          CATHERINE D. PERRY
                                        UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2011.